Filed 8/22/24  In re O.B. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re O.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B331707 (Super. Ct. No. 22JD-00260-001) (San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. L.M., Defendant and Appellant. | |

In a dependency action, L.M. (Father) appeals an order of the juvenile court reducing his visitation.  We affirm.

FACTS

The child, O.B., came to the attention of the San Luis Obispo County Department of Social Services (DSS) when E.C.

(Mother) got into a physical altercation with her boyfriend in O.B.'s presence. DSS filed a dependency petition pursuant to Welfare and Institutions Code[1] section 300, subdivision (b)(1) in September 2022 on behalf of then one-year old O.B. The juvenile court found jurisdiction, ordered O.B. into foster care and ordered services for Mother and Father. Mother and Father were never married, nor did they live together.

Father has a severe problem regulating his behavior. Mother obtained multiple restraining orders against him, all of which he has violated. Father has harassed DSS workers and has been ordered to contact them only through his attorney. His behavior during a visit with O.B. to her pediatrician so traumatized the doctor and her staff, for days thereafter, that they asked he not attend future appointments. Father has also discussed the dependency case in O.B.'s presence, in spite of being ordered not to.

*DSS's Section 387 Petition*

After O.B. had been placed in mother's care, DSS filed a supplemental petition pursuant to section 387 in August 2023 to again remove the child from her custody. DSS recommended that services for Father continue, but that his visitation be reduced.

Father's anger management counselor reported that Father has unmanaged anger, does not take personal responsibility for his emotions, and has extended anger outbursts during his sessions. The anger management provider terminated Father from the program due to his outbursts and failure to make additional appointments. Father revoked his release of

---

[1] All statutory references are to the Welfare and Institutions Code.

information (ROI) that allowed DSS to speak to Father's therapist.  Father has continued to harass DSS employees.

Father missed six of 15 scheduled Zoom video visits with O.B. since May 2023.  During April 2023, Father had no in-person visits with O.B. During a supervised Zoom video visit with O.B., Father discussed the dependency case, using profanity to express his displeasure.  He continued to discuss the case in spite of multiple attempts to redirect his attention and a court order directing him not to discuss the case in O.B.'s presence.  DSS remained concerned about Father's mental instability and his inability to behave appropriately in O.B.'s presence.  Father views himself as a victim in the dependency proceedings and has made no effort to improve his behavior.

A DSS social worker testified that Father is a danger to O.B.'s safety due to his inability to control his impulses.  With everyday life stresses, Father is unable to regulate his emotions.  Father curses and yells in O.B.'s presence and cries during visits with O.B.  Father insists on e-mailing DSS in violation of court orders.  The e-mails are often threatening with aggressive and profane language.

The juvenile court admonished Father for using profane language in court at the hearing.  Father admitted he sent at least four e-mails to DSS just days prior to the hearing and sent texts to Mother.

*Ruling*

The juvenile court found that Father violated court orders; was terminated from his anger management program due to his inability to control his anger; withdrew his ROI's so DSS could not verify his progress with his case plan objectives; threatened

DSS staff in direct communications in violation of the court's orders; and regressed in his consistency with visitation.

Due to Father's recent documented behaviors, the juvenile court found it is appropriate to make Father's visits more structured and less frequent. The court reduced Father's visits from no more than 12 hours over a two-week period to every other week for a total of three hours each visit.

## DISCUSSION

Father contends the juvenile court abused its discretion in reducing his visits with O.B.

Where a parent has the right to visitation, the court may determine the frequency and length of visitation and impose conditions such as supervised or monitored visitation. (*In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757.)

Here Father has demonstrated that he cannot control his behavior. In spite of being offered services, he has made no progress. He cannot even manage his anger during anger management sessions. He has been ordered not to discuss the dependency case in O.B.'s presence, but he insists on doing so, and uses profanity during visits to express his displeasure. Father curses and yells in O.B.'s presence and cries during visits. A DSS worker testified that with everyday life stresses, Father is unable to regulate his emotions.

The juvenile court could reasonably conclude that Father's behavior in O.B.'s presence is psychologically harmful to O.B. Father's behavior would cause any child distress. Limiting Father's contact with O.B. is in O.B.'s best interest.

Moreover, Father missed a number of visits with O.B. Father cannot miss visits and then complain when the juvenile court orders a reduction in his visitation.

4

The juvenile court was well within its discretion in reducing Father's visitation.

DISPOSITION

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


BALTODANO, J.


CODY, J.

5

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

_____

Jesse Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rita L. Neal, County Counsel, Ann Duggan, Deputy County Counsel, for Plaintiff and Respondent.